UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas E. Perez,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>                 Plaintiff,<br>                v.<br><br>Family Support Resources, Inc., an Arizona corporation; Larry Douglas, an individual; Alta Douglas, an individual.<br><br>               Defendants. | Case No. 2:15-cv-1922-PHX-SRB<br><br>**CONSENT JUDGMENT** |

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary") having filed his Complaint, and defendants FAMILY SUPPORT RESOURCES, INC., an Arizona corporation; LARRY DOUGLAS, an individual; and ALTA DOUGLAS, an individual (collectively, "Defendants"), having been duly advised on the proceedings and having waived the issuance of service of process of the Summons and Complaint, having waived

Page 1 of 17

their response to the Complaint, and having stipulated to their inclusion in this action, have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq., (hereafter the "Act" or the "FLSA"), that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1. Defendants FAMILY SUPPORT RESOURCES, INC., LARRY DOUGLAS, and ALTA DOUGLAS shall not, contrary to Sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

2. Defendants FAMILY SUPPORT RESOURCES, INC., LARRY DOUGLAS, and ALTA DOUGLAS shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such

employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

3. Defendants FAMILY SUPPORT RESOURCES, INC., LARRY DOUGLAS, and ALTA DOUGLAS, shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the Act and found in 29 C.F.R. Part 516.

4. Subject to the payment schedule set forth in Exhibit B, attached hereto made a part hereof, Defendants FAMILY SUPPORT RESOURCES, INC., LARRY DOUGLAS, and ALTA DOUGLAS, shall not withhold payment of $186,222.91, which represents the gross unpaid minimum wage and overtime compensation hereby found to be due, for the period from January 18, 2012 through and including January 17, 2014 ("Subject Period"), to the present and former employees of Defendants named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein, plus post-judgment interest at the rate of 1%, in the total amount of $1,946.01, for a total amount of $188,168.92.

5. Defendants FAMILY SUPPORT RESOURCES, INC., LARRY DOUGLAS, and ALTA DOUGLAS, shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid

to said employee under the provisions of this Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from Defendants under the provisions of this Judgment or the Act.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Secretary and against Defendants in the total amount of $218,352.92, which is comprised of: unpaid gross minimum wage and overtime compensation owed by Defendants in the amount of $186,222.91; post-judgment interest at the rate of 1%, in the total amount of $1,946.01; and civil money penalties in the amount of $30,184.00, as permitted pursuant to authority expressly provided in Section 16(e)(2) of the FLSA, 29 U.S.C. § 216(e)(2).

6. The monetary provisions of this Consent Judgment will be deemed satisfied by Defendants upon delivering to the Secretary's representative(s) the following:

a. As outlined in Exhibit B, Defendants shall pay to the Secretary the sum of $186,222.91, which represents the net unpaid minimum wage and overtime compensation hereby found to be due, for the Subject Period, to the present and former employees named in Exhibit A; post-judgment interest in the amount of $1,946.01; plus civil money penalties in the amount of $30,184.00, as permitted pursuant to authority expressly provided in Section 16(e)(2) of the FLSA, 29 U.S.C. § 216(e)(2).

b. On or before September 1, 2015, Defendants shall initiate repayment of the back wages and post-judgment interest described in paragraph 4 above by

making an initial net back wage payment of $7,685.18, plus post-judgment interest in the amount of $155.19 (for a total of $7,840.37), in accordance with the terms set forth in the attached Exhibit B.  Defendants shall pay the remainder of the net back wage balance due, plus 1% annual interest, in monthly installments, in accordance with the terms set forth in the attached Exhibit B.  Defendants may pay the remaining balance due in full at any time with no additional penalty or interest.  On or before September 1, 2017, Defendants shall pay the civil money penalties in the amount of $30,184.00, as permitted pursuant to the authority expressly provided in Section 16(e)(2) of the FLSA, in accordance with the terms set forth in the attached Exhibit B.

      c.     Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Phoenix District Office ("Wage and Hour Division"), Attn: Marixsa Petrilli-Alvarez, 230 N. First Ave., Suite 402, Phoenix, Arizona 85003, on or before September 1, 2015, and again in monthly installments (as set forth in the attached Exhibit B) thereafter until the back wage recovery and post-judgment interest provisions of this Consent Judgment have been satisfied in full for each person who is listed in the attached Exhibit A, the following:

          (1)  A cashier's check or money order with the firm name and "Net Back Wages and Interest" written on it, payable to the order of the "Wage & Hour Div., Labor," in the total net back wage amount and interest due at the time of the payment as set forth in attached Exhibit B.  The checks described in this subparagraph shall contain no expiration date.

          (2) On or before September 1, 2015, a schedule in duplicate bearing the firm name, employer identification number(s), address(es), and phone number(s) of Defendants and showing the name, last known (home) address, social

**Page 5 of 17**

security number, gross back wage amount (as listed in the attached Exhibit A), the amounts of legal deductions for social security and withholding taxes thereon (that Defendants shall pay directly to the federal and state agencies entitled thereto, when due (and, in any event, not later than one year after submitting to the Secretary the last of the net back wage amounts due hereunder)), and the resulting net back wage amount and post-judgment interest for each person listed in the attached Exhibit A.

    d.    On or before September 1, 2017, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Phoenix District Office ("Wage and Hour Division"), Attn: Marixsa Petrilli-Alvarez, 230 N. First Ave., Suite 402, Phoenix, Arizona 85003, a cashier's check or money order with the firm name and "CMP" written on it, payable to the order of the "Wage & Hour Div., Labor," in the amount of $30,184.00.

    e.    In the event of any default in the timely making of any payment due under this Judgment, the full amount (under the back wage provisions of this Judgment) that then remains unpaid shall be subject to interest at a rate of ten percent (10%) per annum and shall become due and payable upon the Secretary sending by ordinary U.S. mail a written demand to the last business address of Defendants known to the Secretary; the manner of the immediate payment shall in the case of the back wages be a certified or cashier's check or money order with the firm name and civil action number from the caption on the first page of this Judgment and "Net Back Wages" written thereon payable to the order of the "Wage & Hour Div., Labor," and shall in the case of the interest on the back wages be a separate certified or cashier's check or money order with the firm name and

**Page 6 of 17**

1 civil action number and "Back Wage Interest" written thereon payable to the order
2 of the "Wage & Hour Div., Labor."

3     7.    The amounts so paid shall be used by the Secretary to satisfy the
4 obligations imposed under the provisions of Section 16(c) of the FLSA, 29 U.S.C.
5 § 216(c), and shall be distributed to the employees named and in the amount set
6 forth in this Consent Judgment (or to their heirs or estates). Any monies not
7 distributed by the Wage and Hour Division because of a failure to locate an
8 employee or because of an employee's refusal to accept said distribution shall be
9 deposited with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

10     8.    Further, the filing, pursuit, and/or resolution of this proceeding with
11 the filing of this Consent Judgment shall not act as or be asserted as a bar to any
12 action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee
13 not named on the attached Exhibit A, nor as to any employee named on the
14 attached Exhibit A for any period not specified herein for the back wage recovery
15 provisions.

16     9.    Defendants shall distribute a copy of <u>Exhibit C</u>, attached hereto and
17 made a part hereof, which summarizes, in both English and Spanish, the terms of
18 this Judgment and the employees' rights under the FLSA, to each of their
19 employees and post a copy in a prominent location at their establishment.

20     10.    Each party shall bear all fees and other expenses (including court
21 costs) incurred by such party in connection with any stage of this proceeding.
22 //
23 //
24 //
25

**Page 7 of 17**

1     IT IS ORDERED that this Court shall retain jurisdiction of this action for
2 purposes of enforcing compliance with the terms of this Consent Judgment.

4     Dated this 25th day of September, 2015.

_____
Susan R. Bolton
United States District Judge

For the Defendants:

Defendants hereby appear and consent to the entry of this Judgment, and waive notice by the Clerk of Court:

For: Family Support Resources, Inc.

By: _____        8-18-15
Name: Katie Vasquez                    Date
Title: Office manager

For: Larry Douglas

By: _Larry Douglas_____        August 17, 2015
    Larry Douglas                      Date

For: Alta Douglas

By: _Alta Douglas_____        August 17, 2015
    Alta Douglas                       Date

**CONSENT JUDGMENT**                              Page 9 of 17

1  Approved as to Form,
   Attorneys for the Defendants
2
3  _____        8-21-15
                                    Date
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**CONSENT JUDGMENT**                       **Page 10 of 17**

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____     9/24/15
NANCY E. STEFFAN                  Date
Trial Attorney
Attorneys for the Plaintiff
U.S. Department of Labor

## **EXHIBIT A** TO CONSENT JUDGMENT

| First Name | Last Name | Back wages (Gross) | Post Judgment Interest | Total Due |
|---|---|---|---|---|
| Thaddeus | Allie | $3,102.05 | $32.42 | $3,134.47 |
| Reginals | Armstead | $302.87 | $3.16 | $306.03 |
| Vanessa | Armstrong | $388.58 | $4.06 | $392.64 |
| Rebecca | Baer | $3,450.54 | $36.03 | $3,486.57 |
| Amy | Barkhaus | $640.12 | $6.68 | $646.80 |
| Annie | Beld | $460.38 | $4.82 | $465.20 |
| Elvena | Benford | $1,137.31 | $11.90 | $1,149.21 |
| Cholanda | Black | $4,218.35 | $44.10 | $4,262.45 |
| Amanda | Breen | $266.20 | $2.79 | $268.99 |
| Brandi | Brisker | $1,919.88 | $20.06 | $1,939.94 |
| Tyra | Brooks | $369.28 | $3.85 | $373.13 |
| Theda | Brothers | $1,493.51 | $15.60 | $1,509.11 |
| Jeannie | Burlingame | $79.57 | $0.84 | $80.41 |
| Melissa | Carter | $5,629.70 | $58.83 | $5,688.53 |
| Andrea | Cashion | $3,588.41 | $37.50 | $3,625.91 |
| Gail | Casson | $4,415.22 | $46.14 | $4,461.36 |
| Desiree | Chiarini | $467.61 | $4.89 | $472.50 |
| Nicole | Clay | $4,759.02 | $49.73 | $4,808.75 |
| Wynette | Cleaver | $133.40 | $1.39 | $134.79 |
| Steven | Cooper | $329.60 | $3.25 | $332.85 |
| Grace | Cota | $4,541.99 | $47.47 | $4,589.46 |
| Robert | Culver | $256.65 | $2.69 | $259.34 |
| La Tonya | Davis | $455.36 | $4.76 | $460.12 |
| Margarita | De St Aubin | $16,282.30 | $170.16 | $16,452.46 |
| Shalla | Deatherage | $1,368.76 | $14.31 | $1,383.07 |
| Timothy | Dupree | $808.52 | $8.44 | $816.96 |
| Varetta | Ensley | $5,123.45 | $53.55 | $5,177.00 |
| Angela | Figueroa | $1,524.72 | $15.94 | $1,540.66 |
| Regina | Fletcher | $849.41 | $8.89 | $858.30 |
| Tammy | Gant | $5,789.38 | $60.53 | $5,849.91 |
| Amber | Hampson | $1,485.32 | $15.53 | $1,500.85 |
| Ebony | Harris | $267.28 | $2.80 | $270.08 |
| Andrea | Hughes | $2,124.67 | $22.19 | $2,146.86 |
| Olivia | Ibanez | $652.69 | $6.82 | $659.51 |
| Shahidah | Jabaar | $2,322.39 | $24.28 | $2,346.67 |
| Samantha | Jackson | $147.57 | $1.56 | $149.13 |

|   |   |   |   |   |
|---|---|---|---|---|
| Joan | Jefferies | $152.51 | $1.61 | $154.12 |
| Ileen | Jimenez | $2,918.80 | $30.49 | $2,949.29 |
| Auvea | Jimison | $1,728.65 | $18.00 | $1,746.65 |
| Gail | Johnson | $186.20 | $1.95 | $188.15 |
| Veronica | Johnson | $5,039.95 | $52.67 | $5,092.62 |
| Leanna | Jones | $547.96 | $5.74 | $553.70 |
| Sammie | Jones | $1,553.77 | $16.22 | $1,569.99 |
| Brittany | Lewis | $1,638.70 | $17.13 | $1,655.83 |
| Avis | Lopez | $5,376.58 | $56.19 | $5,432.77 |
| Debra | Lopez | $692.05 | $7.24 | $699.29 |
| Stevie | Lopez-Wilkirson | $1,457.42 | $15.20 | $1,472.62 |
| Sarahi | Luna | $407.50 | $4.26 | $411.76 |
| Cynthia | Magallanes | $7,998.57 | $83.58 | $8,082.15 |
| Cherrelle | Malloy | $5,131.20 | $53.63 | $5,184.83 |
| Jeff | Maloney | $134.01 | $1.39 | $135.40 |
| Monica | Manjarrez | $3,141.23 | $32.84 | $3,174.07 |
| Michelle | Mann | $1,951.41 | $20.40 | $1,971.81 |
| Marquita | Marshall | $1,940.61 | $20.28 | $1,960.89 |
| Raeneisha | McAfee | $3,945.28 | $41.24 | $3,986.52 |
| Kimberly | McCray | $1,511.87 | $15.81 | $1,527.68 |
| Angela | Means | $125.42 | $1.31 | $126.73 |
| Charidy | Miles | $2,465.64 | $25.76 | $2,491.40 |
| Nicole | Miller | $1,381.80 | $14.44 | $1,396.24 |
| Frank | Moore | $1,486.50 | $15.54 | $1,502.04 |
| Norlanda | Mosley | $1,303.61 | $13.64 | $1,317.25 |
| Askia | Muhammad | $190.54 | $2.00 | $192.54 |
| Breeanna | Muhlenkamp | $144.23 | $1.56 | $145.79 |
| Caitlin | Nagle | $526.50 | $5.51 | $532.01 |
| Nyisha | Neal | $35.00 | $0.36 | $35.36 |
| Art | Owens | $112.36 | $1.17 | $113.53 |
| Phoenix | Pacheco | $33.32 | $0.35 | $33.67 |
| Guyton | Penns | $329.88 | $3.44 | $333.32 |
| Latrice | Perryman | $958.44 | $10.00 | $968.44 |
| Melissa | Potter | $692.29 | $7.24 | $699.53 |
| Mandy | Quesada | $275.25 | $2.88 | $278.13 |
| Patricia | Redd | $2,263.26 | $23.66 | $2,286.92 |
| Tammy | Reed | $7,556.52 | $78.97 | $7,635.49 |
| Kenya | Reid | $188.22 | $1.97 | $190.19 |
| Juanita | Reiland | $55.19 | $0.58 | $55.77 |
| Shalla | Robinson | $75.08 | $0.78 | $75.86 |

| | | | | |
|---|---|---|---|---|
| Jymie | Rose | $867.69 | $9.00 | $876.69 |
| Erin | Royal | $138.70 | $1.44 | $140.14 |
| Melissa | Rydwell | $478.74 | $5.00 | $483.74 |
| Kristopher | Seydel | $6,604.14 | $69.02 | $6,673.16 |
| Alyssa | Shaffer | $1,097.95 | $11.48 | $1,109.43 |
| Robert | Stanford | $407.77 | $4.26 | $412.03 |
| Annalisa | Stevens | $435.25 | $4.56 | $439.81 |
| Oneki | Thomas | $3,687.31 | $38.54 | $3,725.85 |
| Sharon | Thompson | $1,689.19 | $17.65 | $1,706.84 |
| Sammie | Trotter | $513.92 | $5.38 | $519.30 |
| Yvonne | Voorhees | $429.78 | $4.50 | $434.28 |
| Georgia | Walker | $174.48 | $1.83 | $176.31 |
| Wanda | Watkins | $1,126.34 | $11.77 | $1,138.11 |
| Stephanie | Watson | $453.18 | $4.75 | $457.93 |
| Samantha | Webster | $438.59 | $4.59 | $443.18 |
| Christine | Wessel | $772.40 | $8.07 | $780.47 |
| Margo | Wilson | $973.68 | $10.17 | $983.85 |
| Fabian | Wiltz | $212.73 | $2.22 | $214.95 |
| LaDarrell | Wimbley | $5,069.45 | $52.98 | $5,122.43 |
| Amy | Woods | $3,370.46 | $35.22 | $3,405.68 |
| Isabel | Zamarripa | $6,391.08 | $66.80 | $6,457.88 |
| Mariela | Zavala-Renteria | $2,084.70 | $21.79 | $2,106.49 |
| **Subtotal** | | **$186,222.91** | **$1,946.01** | **$188,168.92** |

**EXHIBIT B** TO CONSENT JUDGMENT

| Payment | Payment Due date | Back wages due (Gross) | Post Judgment Interest Due | Total Amount Due per Installment Period |
|---|---|---|---|---|
| 1 | 09/01/2015 | $7,685.18 | $155.19 | $7,840.37 |
| 2 | 10/01/2015 | $7,691.59 | $148.78 | $7,840.37 |
| 3 | 11/01/2015 | $7,698.00 | $142.37 | $7,840.37 |
| 4 | 12/01/2015 | $7,704.41 | $135.96 | $7,840.37 |
| 5 | 01/01/2016 | $7,710.83 | $129.54 | $7,840.37 |
| 6 | 02/01/2016 | $7,717.26 | $123.11 | $7,840.37 |
| 7 | 03/01/2016 | $7,723.69 | $116.68 | $7,840.37 |
| 8 | 04/01/2016 | $7,730.13 | $110.24 | $7,840.37 |
| 9 | 05/01/2016 | $7,736.57 | $103.80 | $7,840.37 |
| 10 | 06/01/2016 | $7,743.02 | $97.35 | $7,840.37 |
| 11 | 07/01/2016 | $7,749.47 | $90.90 | $7,840.37 |
| 12 | 08/01/2016 | $7,755.93 | $84.44 | $7,840.37 |
| 13 | 09/01/2016 | $7,762.39 | $77.98 | $7,840.37 |
| 14 | 10/01/2016 | $7,768.86 | $71.51 | $7,840.37 |
| 15 | 11/01/2016 | $7,775.33 | $65.04 | $7,840.37 |
| 16 | 12/01/2016 | $7,781.81 | $58.56 | $7,840.37 |
| 17 | 01/01/2017 | $7,788.30 | $52.07 | $7,840.37 |
| 18 | 02/01/2017 | $7,794.79 | $45.58 | $7,840.37 |
| 19 | 03/01/2017 | $7,801.28 | $39.09 | $7,840.37 |
| 20 | 04/01/2017 | $7,807.78 | $32.59 | $7,840.37 |
| 21 | 05/01/2017 | $7,814.29 | $26.08 | $7,840.37 |
| 22 | 06/01/2017 | $7,820.80 | $19.57 | $7,840.37 |
| 23 | 07/01/2017 | $7,827.32 | $13.05 | $7,840.37 |
| 24 | 08/01/2017 | $7,833.88 | $6.53 | $7,840.41 |
| Subtotal |  | $186,222.91 | $1,946.01 | $188,168.92 |

| Payment | Payment Due date | Civil Money Penalties Due | Total Amount Due per Installment Period |
|---|---|---|---|
| 25 | 09/01/2017 | $30,184.00 | $30,184.00 |
| Subtotal |  |  | $30,184.00 |

# EXHIBIT C TO CONSENT JUDGMENT

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** ("FLSA") requires that all employees must be paid **minimum wage** for all hours worked.  Employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. Employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

**FAMILY SUPPORT RESOURCES, INC.** has settled a lawsuit with the **United States Department of Labor**. As part of this settlement, they have agreed to pay unpaid minimum wage and overtime back wages owed to some employees. The Department of Labor will distribute these checks to the employees who are owed money. **Nobody from the company can ask you for this money back, and no employee must return this money back.**

Your employer wants you to know that it is committed to ensuring that all employees are paid minimum wage and overtime when it is due and is committed to fully complying with all laws enforced by the Department of Labor. If you are not paid minimum wage or overtime, or if anybody associated with this employer tells you to return your wages, please call the **U.S. Department of Labor at (602) 514-7100,** or **(866) 4-USWAGE, (866) 487-9243**. You may also contact the Department of Labor if you have any questions about your employment rights, such as your rights to minimum wage and overtime wages. Your name will be kept confidential.

**EXHIBIT C** TO CONSENT JUDGMENT (continued)

**AVISO LEGAL PARA TODOS LOS EMPLEADOS**

**La Ley de Normas Razonables de Trabajo,** FLSA por sus siglas en inglés, requiere que a todos los empleados se les pague el **salario mínimo** por toda hora trabajada. A los empleados también se les debe pagar **tiempo extra,** a tiempo y medio su hora regular, por cada hora trabajada arriba de las 40 durante una semana laboral. Los empleados, aunque les paguen **por hora o por pieza,** tienen derecho a recibir tiempo extra cuando trabajan más de las 40 horas.

**FAMILY SUPPORT RESOURCES, INC.** ha resuelto una demanda por el **Departamento de Trabajo de los Estados Unidos.** Como parte de este acuerdo, la compañía acordó pagar el salario mínimo y tiempo extra que se les debe a algunos de los empleados. El Departamento de Trabajo entregará los cheques a los empleados que se les debe dinero. **Ningún miembro de la compañía puede pedirles que devuelvan el dinero y ningún empleado debe regresar este dinero.**

Su empleador quiere que sepan que la compañía se ha comprometido a pagarles, por lo menos, el salario mínimo y tiempo extra a todos sus empleados de manera puntual. La compañía también les asegura seguir con todas las leyes enforzadas por el Departamento de Trabajo.

Si a usted no le están pagando el salario mínimo o tiempo extra, o si algún asociado de la compañía le pide que regrese dinero, por favor llame al **Departamento de Trabajo al (602) 514-7100 o (866) 4-USWAGE, (866) 487-9243.** También puede contactar al Departamento de Trabajo si tiene alguna pregunta sobre sus derechos laborales, como su derecho a recibir el salario mínimo y tiempo extra. Su nombre se mantendrá confidencial.